**Konis Lamarr COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–01778–CR.**

Court of Appeals of Texas, Dallas.

June 16, 1993.

Rehearing Denied July 22, 1993.

Ross Teter, Dallas, for appellant.

Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

Before BAKER, LAGARDE and KINKEADE, JJ.

## OPINION

BAKER, Justice.

Konis Lamarr Coleman appeals his conviction for theft of property. Following a plea bargain agreement, appellant pleaded guilty to the offense alleged in the indictment. A Dallas County magistrate made findings and recommendations. The district court accepted the magistrate's recommendations. The trial court found appellant guilty and assessed a six-year sentence and a $300 fine.

Appellant raises six points of error. He claims the evidence is insufficient to support his conviction. He argues that the magistrate did not preside in a neutral and detached manner. He claims he did not receive effective assistance of counsel. He argues the trial court erred in denying his motion for new trial. He claims the evidence is insufficient to support an award of attorneys' fees as court costs. Finally, he argues the trial court's sentence imprisons him for debt. We overrule his points of error. We affirm the trial court's judgment.

### TIMELY NOTICE OF APPEAL

In its first counterpoint, the State contends this Court does not have jurisdiction of this appeal because appellant's notice of appeal was untimely. The State argues appellant did not file a valid motion for new trial. Therefore, the State contends appellant's notice was not timely because appellant filed it more than thirty days after the trial court pronounced sentence. We have already ruled adversely to the State's argument on this issue. *See Davenport v. State*, 858 S.W.2d 1, 2–3 (Tex.App.—Dallas, 1993, no pet. h.). We again reject the State's argument.

### RIGHT TO REVIEW POINTS

In its second counterpoint, the State claims we should dismiss appellant's first three points of error because he did not follow rule 40(b)(1) of the Texas Rules of Appellate Procedure. *See* Tex.R.App.P. 40(b)(1).

■ Here, appellant pleaded guilty under article 1.15 of the Code of Criminal Procedure. *See* Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon 1977). The trial court assessed the punishment agreed to by the State, appellant, and his attorney. Appellant's notice of appeal does not state that the trial court granted permission to appeal any nonjurisdictional defects or errors occurring before the entry of the plea. It does not specify the matters raised by written motion and ruled on before trial. Although we cannot consider nonjurisdictional defects that occurred before entry of the plea, we have jurisdiction to review alleged errors that affect the validity of the guilty plea. *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App.1990); *Walker v. State*, 843 S.W.2d 716, 717 (Tex.App.—Dallas 1992, pet. ref'd).

### SUFFICIENCY OF THE EVIDENCE

#### A. Conviction

■ In his first point of error, appellant claims the evidence is insufficient to support his guilty plea. Rule 40(b)(1) does not bar consideration of this point. *See Davenport*, at 2–3.

Following appellant's entry of his guilty plea, the State introduced appellant's signed, written judicial confession into evidence without objection. Appellant testified on his own

behalf. He admitted he was guilty as charged in the indictment.

In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. Contrary to appellant's contentions, his sworn testimony and written stipulation are judicial confessions. *See Cevalles v. State*, 513 S.W.2d 865 (Tex. Crim.App.1974); *see also Davenport*, at 3. Appellant's sworn testimony that he is guilty as charged in the indictment, without elaboration, is enough to sustain the trial court's verdict. *Dinnery v. State*, 592 S.W.2d 343, 352 (Tex.Crim.App.1979). We overrule appellant's first point of error.

### B. Attorneys' Fees

■ In his fifth point of error, appellant contends the evidence is insufficient to support an award of attorneys' fees as court costs. The State concedes we have jurisdiction to review this point.

The judgment states that appellant must pay $250 in additional court costs "as provided by Art. 26.05, Sec. 3, C.C.P."[1] Article 26.05 of the Code of Criminal Procedure permits compensation of court-appointed attorneys who represent an accused in a criminal proceeding. Article 26.05 provides:

(a) A counsel, other than an attorney with a public defender's office, appointed to represent a defendant in a criminal proceeding.... shall be reimbursed for reasonable expenses incurred with prior court approval for purposes of investigation and expert testimony and shall be paid a reasonable attorneys' fee for performing the following services

\* \* \* \* \* \*

(b) All payments made under this article shall be paid in accordance with a schedule of fees adopted by formal action of the county and district criminal court judges within each county

\* \* \* \* \* \*

(c) Each fee schedule adopted will include a fixed rate, minimum and maximum hourly rates, and daily rates and will provide a form for reporting the types of services performed in each one. No payment shall be made under this section until the form for reporting the services performed is submitted and approved by the court and is in accordance with the fee schedule for that county

\* \* \* \* \* \*

(e) If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay the amount that it finds the defendant is able to pay.

TEX.CODE CRIM.PROC.ANN. art. 26.05 (Vernon 1989).[2]

This Court has stated that to uphold an award of attorneys' fees under article 26.05 there must be sufficient evidence in the record to support the claim. *See Miller v. State*, 755 S.W.2d 211, 216 (Tex.App.—Dallas 1988), *reversed on other grounds*, 815 S.W.2d 582 (Tex.Crim.App.1991). The trial court has discretion in determining the proper value of the legal fees it orders a defendant to pay under article 26.05. *See* art. 26.05(e). However, due process considerations require evidence in the record to provide a factual basis for the *amount* set by the trial court. *Barker v. State*, 662 S.W.2d 640, 642 (Tex. App.—Houston [14th Dist.] 1983, no pet.).

The record includes defense counsel's "Claim for Services or Expenses." This document contains a list of the services performed for appellant by his defense counsel and the amount of fees for his specific services. The trial court based its award of $250 in attorneys' fees on the itemized expense claim. We determine that the record contains a factual basis to support the amount of

---

1. We are aware that section 3 no longer exists under the current version of article 26.05 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC.ANN. art. 26.05 (Vernon 1989). However, the revised statute still authorizes the trial court to order a defendant to pay all or part of the

costs of any legal services he receives. TEX.CODE CRIM.PROC.ANN. art. 26.05(e) (Vernon 1989).

2. Unless otherwise noted, all future statutory references are to the Texas Code of Criminal Procedure.

the trial court's award. We conclude the evidence is sufficient to support the award of attorneys' fees. We overrule appellant's fifth point of error.

## NEUTRAL AND DETACHED MAGISTRATE

■ In his second point of error, appellant contends the magistrate prejudiced his right to a fair trial by not acting in a neutral and detached manner. Appellant argues that the magistrate satisfied the State's burden of proof by asking appellant questions about the entry of his guilty plea. We construe appellant's point as an attack on the validity of his guilty of his guilty plea. We may review this point despite appellant's failure to follow rule 40(b)(1). *See Walker,* 843 S.W.2d at 716; *see also Davenport,* at 3.

At appellant's request, the trial court referred the cause to a magistrate under a general order in compliance with the Dallas County Magistrate's Act (Magistrate's Act). *See* TEX.GOV'T.CODE ANN. §§ 54.301–313 (Vernon 1988). The record reflects the magistrate swore in appellant. The magistrate asked appellant about his correct name. The magistrate asked him whether he agreed and stipulated that the allegations in the indictment were true and correct. Under the trial court's general order, the magistrate had the power to examine appellant as a witness. *See* TEX.GOV'T.CODE ANN. § 54.308(a)(6) (Vernon 1988); *see also Davenport,* at 4. The magistrate acted within the authority given in the order. We conclude appellant received a fair trial. We overrule appellant's second point of error.

## MOTIONS FOR NEW TRIAL

■ In his fourth point of error, appellant claims the trial court erred in overruling his motions for new trial based on ineffective assistance of counsel. In his brief, appellant asserts that his counsel was ineffective because he did not: (1) fully investigate the case and advise him about the law applicable to the charge, (2) move for acquittal when the State allegedly produced insufficient evidence, (3) object when the magistrate questioned appellant, and (4) correctly advise appellant about his right to appeal. The State

does not contend that rule 40(b)(1) bars our consideration of this point.

The grant or denial of a motion for new trial is a matter entirely within the trial court's discretion. *Appleman v. State,* 531 S.W.2d 806, 810 (Tex.Crim.App.1975); *State v. Gonzalez,* 820 S.W.2d 9, 11 (Tex.App.—Dallas 1991, pet. granted). This Court will not reverse the trial court's denial of a new trial absent a clear showing of abuse of discretion. *Appleman,* 531 S.W.2d at 810.

■ The record must affirmatively support claims of ineffective assistance of counsel. *See Smith v. State,* 676 S.W.2d 379, 385 (Tex.Crim.App.1984), *cert. denied,* 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985). Nothing in the record supports appellant's claim that his counsel did not fully investigate the case and advise appellant of the law applicable to the charge. Because we have held the evidence sufficient to support appellant's conviction, appellant's counsel was not ineffective for failure to move for acquittal when the State rested. We have held the magistrate acted within the authority granted in the trial court's referral order. Appellant's counsel was not ineffective for failing to object when the magistrate questioned appellant. The record also does not support appellant's contention that his lawyer did not correctly advise him of his right to appeal.

We conclude appellant received effective representation in the trial court under the *Strickland v. Washington* standard. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). We conclude the trial court did not abuse its discretion in denying appellant's motions for new trial. We overrule appellant's fourth point of error.

## EFFECTIVE ASSISTANCE OF COUNSEL

In his third point of error, appellant contends he did not receive effective assistance of counsel. Assuming, without deciding, that appellant's complaint attacks the validity of his guilty plea, we may review this point despite appellant's failure to follow rule 40(b)(1). *See Walker,* 843 S.W.2d at 716.

We have already held that appellant received effective assistance of counsel. We overrule appellant's third point of error.

## IMPRISONMENT FOR DEBT

In his sixth point of error, appellant contends the trial court denied him due process by not determining his indigency before sending him to prison for appellant's failure to pay court costs. Appellant also asserts that the trial court's assessment of a fine in addition to his jail sentence is imprisonment for debt in violation of the due process and equal protection clauses of the state and federal constitutions as well as article I, section 18 of the Texas Constitution. The State concedes we have jurisdiction to hear this point.

The record shows the trial court appointed counsel to represent appellant in his defense. Appellant has not shown he has completed his term of imprisonment and that his confinement is solely because he did not pay his fine.

We have already ruled adversely to appellant's arguments on these issues. *See Davenport,* at 4–5. We overrule appellant's sixth point of error.

We affirm the trial court's judgment.