**Billy Joe ROBERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–92–02624–CR.

Court of Appeals of Texas, Dallas.

May 27, 1994.

---

1. Appellant doubtlessly refers to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Michael J. Sandlin, Asst. Dist. Atty., Dallas, for appellee.

Before THOMAS, BURNETT and CHAPMAN, JJ.

## OPINION

CHAPMAN, Justice.

Appellant pleaded guilty to possession of cocaine in an amount less than twenty-eight grams. The trial court assessed punishment, enhanced by a prior felony conviction, at twenty-five years' confinement in the Texas Department of Criminal Justice—Institutional Division. In five points of error, appellant contends generally that (1) the magistrate erred in accepting his plea of guilty, and (2) the trial court erred in adjudging him guilty. We overrule appellant's points and affirm the trial court's judgment.

### Factual and Procedural Background

Appellant was indicted for unlawful possession of cocaine. The indictment contained one enhancement paragraph. On July 23, 1992, the trial court appointed Philip Wetherbee, an assistant public defender, to represent appellant. On September 18, 1992, the trial court referred the case to the magistrate pursuant to appellant's request.

On September 21, 1992, appellant appeared before the magistrate to enter his plea. Appellant testified that he could read the English language and that he read, understood, and went over with his attorney every document that he signed. Appellant pleaded guilty to the charged offense and true to the enhancement paragraph. Appellant agreed and stipulated under oath that all of the allegations in the indictment were true and correct.

The magistrate then stated that Catherine Bernhard, also from the public defender's office, was substituting for Philip Wetherbee. The magistrate asked appellant if the substitution was agreeable, and appellant answered, "Yes."

The State offered into evidence appellant's signed "judicial confession," stipulation of evidence and signed plea of true to the en-

J. Steven Bush, Lancaster, for appellant.

hancement paragraph. The magistrate accepted appellant's plea and deferred further adjudication until October 23, 1992.

On October 23, 1992, after hearing evidence on punishment, the trial court adjudicated appellant guilty and sentenced him to twenty-five years' confinement. Philip Wetherbee represented appellant at the punishment phase of the trial.

### Absence of Court–Appointed Counsel

In appellant's first two points of error, he contends that the magistrate erred in accepting his guilty plea (1) in the absence of his court-appointed attorney of record and (2) with substituted counsel without first finding reasons sufficient to support such substitution. Because both points concern the substitution of Bernhard for Wetherbee at the plea hearing, we will address them together.

Appellant contends that article 26.04 of the Texas Code of Criminal Procedure requires his court-appointed attorney of record be present for all judicial proceedings. He further contends that the substitution of his court-appointed attorney requires reversal despite appellant's agreement to the substitution. We disagree.

Article 26.04(a) provides:

> Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.

TEX.CODE CRIM.PROC.ANN. art. 26.04(a) (Vernon 1989).

Appellant argues that the magistrate's "sua sponte replacement" of counsel was without authority and in contravention of article 26.04(a). We first note that appellant's appointed counsel was not *replaced* as counsel of record or relieved of his duties to appellant by the magistrate's allowing Bernhard to substitute for Wetherbee at the plea hearing. Moreover, article 26.04(a) was intended to authorize a trial court to relieve an appointed attorney of his duties. *See Buntion v. Harmon,* 827 S.W.2d 945, 948 (Tex. Crim.App.1992) (orig. proceeding). The court of criminal appeals has held that this authority is limited by the federal and state constitutions which protect the attorney-client relationship. *Id.; Stearnes v. Clinton,* 780 S.W.2d 216, 225 (Tex.Crim.App.1989) (orig. proceeding).

Appellant cites *Buntion* to support his contention that the magistrate's replacement of counsel was error. Because counsel was not *replaced,* we need only decide whether *Buntion* prohibits a magistrate from allowing an attorney to *substitute* for court-appointed counsel, when the defendant agrees to the substitution. We hold that it does not.

In *Buntion,* the appellant was represented by two court-appointed attorneys at trial. At sentencing, the trial court announced that a third attorney would represent appellant on appeal. The appellant and the trial attorneys objected to the trial court's replacement of the court-appointed counsel. The court of criminal appeals held the trial court had no authority to *sua sponte* replace trial counsel over the objection of the defendant and his attorneys without a principled reason to justify the replacement. *Buntion,* 827 S.W.2d at 949.

In the case before us, the magistrate did not terminate the attorney-client relationship between appellant and Wetherbee. *Cf. id.* Crucial to the court's reasoning in *Buntion* was the appellant's desire to maintain his trial counsel. In our case, the magistrate explicitly asked appellant if it was agreeable if Bernhard substitute for Wetherbee, and appellant replied, "yes." Furthermore, when Wetherbee represented appellant at the punishment phase of trial, he voiced no objection to the substitution of counsel at the plea hearing.

■ We hold that a magistrate does not err in permitting an attorney to *substitute* for the counsel of record where the defendant agrees to the substitution and the attorney of record does not object. Accordingly,

we overrule appellant's first and second points of error.

### Texas Code of Criminal Procedure Article 1.051(e)

In appellant's third point of error, he contends that the magistrate erred in taking his guilty plea without giving Bernhard ten days to prepare where the ten days was not waived with his consent. *See* TEX.CODE CRIM.PROC.ANN. art. 1.051(e) (Vernon Supp. 1994). Appellant signed a valid waiver of the statutory preparation period with respect to Wetherbee. Moreover, Wetherbee had more than two months to prepare appellant's case. The record indicates Wetherbee was the attorney who signed all the waivers in the case. Wetherbee also represented appellant at the punishment phase of the trial. The only aspect of the case that Bernhard was responsible for was the plea hearing. The record indicates that appellant went over all the waivers he signed, including his judicial confession and his stipulation of true, with Wetherbee prior to the plea hearing.

■ Appellant cites no authority for the proposition that a counsel who substitutes for court-appointed counsel, with the consent of the defendant, is required to have ten days to prepare pursuant to article 1.051(e). Article 1.051(e) applies only to court-appointed counsel. TEX.CODE CRIM.PROC.ANN. art. 1.051(e) (Vernon Supp.1994); *Bowers v. State,* 570 S.W.2d 929, 931 (Tex.Crim.App. [Panel Op.] 1978). Bernhard was not appellant's court-appointed counsel and was therefore not covered by the provisions of article 1.051(e).

Furthermore, the court of criminal appeals has held that where *additional* counsel is appointed, the new counsel is not entitled to the ten-day preparation period. *Roney v. State,* 632 S.W.2d 598, 601 (Tex.Crim.App. 1982). Bernhard did not replace Wetherbee. She merely aided in appellant's defense by sitting in for Wetherbee.

We acknowledge that, at the plea hearing, appellant was represented solely by Bernhard. To the extent that this fact may distinguish *Roney,* we nonetheless find that Bernhard was not entitled to the mandatory ten-day preparation period. We hold that the ten-day preparation period does not apply to counsel who *substitutes* for a court-appointed counsel who has not been *replaced.* The magistrate did not err in taking appellant's guilty plea without obtaining a written waiver of the ten-day preparation period with respect to Bernhard. We overrule appellant's third point of error.

### Written Admonishments

■ In appellant's fourth point of error, he contends that the trial court erred in adjudging appellant guilty when his admonishments were in writing and there was evidence before the trial court that appellant could not read. The record indicates that the magistrate asked appellant if he could read the English language. Appellant answered "yes." Before the trial court at the punishment phase, counsel stated that appellant had "great difficulty reading." Counsel's assertion in argument that appellant had "great difficulty" reading does not show that appellant could not read.

The rules specifically allow for written admonishments. TEX.CODE CRIM.PROC.ANN. art. 26.13(d) (Vernon 1989). The only additional requirement where the admonishments are in writing is that the defendant and his attorney sign a statement that he understands the admonitions and is aware of the consequences of his plea. *Id.* Appellant and Wetherbee signed such a statement. Additionally, appellant testified before the magistrate that he read and understood every document that he signed. We overrule appellant's fourth point of error.

### Sufficiency of the Evidence

In appellant's fifth point of error, he contends the evidence is insufficient to support his conviction. Appellant pleaded guilty to the charged offense and true to the enhancement paragraph. Appellant testified under oath that all the allegations in the indictment were true and correct. The State introduced into evidence appellant's signed "judicial confession," stipulation of evidence, and signed plea of true to the enhancement paragraph. None of these documents were sworn.

Appellant argues that because appellant's sworn testimony occurred before the magistrate stated on the record that Bernhard was substituting for Wetherbee, the testimony cannot be considered in determining the sufficiency of the evidence. We disagree.

In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. Contrary to appellant's contentions, his sworn testimony and written stipulation are judicial confessions. *Coleman v. State*, 860 S.W.2d 496, 498 (Tex.App.—Dallas 1993, no pet.). A judicial confession standing alone is sufficient to sustain a conviction upon a plea of guilty. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim. App.1979) (op. on reh'g). We overrule appellant's fifth point of error and affirm the trial court's judgment.

**J.R.W., Appellant,**