In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00010-CV


______________________________







IN THE MATTER OF THE MARRIAGE OF


JOHN S. ZVARA AND JOANNE M. GILLIS






 


On Appeal from the 245th Judicial District Court


Harris County, Texas


Trial Court No. 01-13576




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 John S. Zvara has appealed from an order of enforcement in connection with the property
division in his divorce from Joanne M. Gillis. The clerk's record and the reporter's record in this
case were filed on February 18, 2003, and we informed counsel by letter that the appellant's brief was
due on March 20, 2003. Tex. R. App. P. 38.6.

 No  brief  was  filed,  and  counsel did  not  contact  this  Court  to  explain  its  absence.  On
April 9, 2003, we wrote a letter to counsel reminding him that his brief was twenty days overdue,
and warning him that if he did not file a brief within fifteen days, on or before April 24, 2003, his
appeal would be subject to dismissal for want of prosecution. Tex. R. App. P. 38.8(a)(1).

 Counsel has not contacted this Court, and no brief has been filed.

 We dismiss the appeal for want of prosecution.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 5, 2003

Date Decided: May 6, 2003



 




sufficient. 

 Brook asserts the evidence was legally and factually insufficient to convict. He argues that
1) there is insufficient evidence that the crime was in "the course of committing theft," and 2) there
was insufficient evidence that Brook committed bodily injury to Carlos Torres. Specifically, Brook 
argues there is no evidence that any theft was committed and no scientific or other evidence proving
Brook injured Torres. The State contends the evidence was legally and factually sufficient to support
a conviction because Brook pled guilty, signed an extra-judicial confession, judicially confessed, and
signed a stipulation of evidence. Brook admitted in the extra-judicial confession that he shot at
Torres twice.

 In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). We view the relevant evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). In contrast to
legal sufficiency, a factual sufficiency review dictates that the evidence be viewed in a neutral light,
favoring neither party. Johnson, 23 S.W.3d at 7; see Clewis v. State, 922 S.W.2d 126, 134 (Tex.
Crim. App. 1996). In determining the factual sufficiency of the evidence to establish the elements
of the offense, we view all the evidence in a neutral light and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong, or so weak as to be
clearly wrong or manifestly unjust. Johnson, 23 S.W.3d at 7; Clewis, 922 S.W.2d at 129. 

 Aggravated robbery requires the underlying offense of robbery and either serious bodily
injury, the use or exhibition of a deadly weapon, or bodily injury to certain persons. Aggravated
robbery is defined in Section 29.03 of the Texas Penal Code:

 (a) A person commits an offense if he commits robbery as defined in Section
29.02, and he:


 (1) causes serious bodily injury to another;


 (2) uses or exhibits a deadly weapon; or . . . .

Tex. Pen. Code Ann. § 29.03 (Vernon 2003). The underlying offense to aggravated robbery is
robbery. Section 29.02 of the Texas Penal Code defines robbery as:

 (a) A person commits an offense if, in the course of committing theft as
defined in Chapter 31 and with intent to obtain or maintain control of the property,
he:


 (1) intentionally, knowingly, or recklessly causes bodily injury to another;
or


 (2) intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death.


Tex. Pen. Code Ann. § 29.02 (Vernon 2003). 


 On November 20, 2001, Torres was shot twice in his home. The assailants were armed with
pistols and fled in a black car with silver door handles. Torres identified Brook in a photographic
lineup of six white males as one of the two attackers. On July 15, 2002, Brook entered a plea of
guilty to the offense of aggravated robbery. Brook also judicially confessed that he had caused
bodily injury to Torres by shooting him with a firearm while in the course of committing theft. The
trial judge asked Brook in open court, "Did you on November 20 of last year while in the course of
committing theft cause bodily injury to a Carlos Torres by shooting him with a firearm?" Brook
responded, "Yes, sir." When asked again, "Did you do that?," Brook responded, "Yes, sir." In
addition, Brook signed a stipulation to the evidence in which he made a judicial confession as
follows: 

 I, PATRICK LEE BROOK, the Defendant in this cause, judicially confess to
the following facts and agree and stipulate that these facts are true and correct: that
on or about the 20th day of November, 2001, in Gregg County, Texas, I, PATRICK
LEE BROOK did then and there intentionally, while in the course of committing
theft of property and with intent to obtain and maintain control of said property,
cause bodily injury to CARLOS TORRES by shooting him with a firearm, and I,
PATRICK LEE BROOK, did then and there use and exhibit a deadly weapon, to-wit:
a firearm, as charged in the INDICTMENT.

 In addition to the judicial confession, the State introduced into evidence by stipulation
without objection the police report, six statements by witnesses, and a signed confession by Brook
to the police. According to this evidence, Brook and the other assailant went to the house to steal
money Torres kept there from alleged cocaine sales. Several of the statements linked Brook to the
car used, to one of the guns, to participating in the attempted robbery, and to admitting the crime
after the fact.

 As stated, Brook pled guilty to the offense of aggravated robbery. However, a guilty plea will
not be sufficient to support a conviction unless there is additional evidence. Under Article 1.15 of
the Texas Code of Criminal Procedure, "in no event shall a person charged be convicted upon his
plea without sufficient evidence to support the same." Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon Supp. 2003). The question is whether the evidence was sufficient.

 A judicial confession is sufficient by itself to sustain a conviction. Pitts v. State, 916 S.W.2d
507, 508 (Tex. Crim. App. 1996). Brook made a judicial confession to aggravated robbery as
described above. Thus, we must determine if the judicial confession in this case contained all the
necessary elements for the offense alleged in the indictment.

 The judicial confession given by Brook contained all the necessary elements of aggravated
robbery. Brook admitted causing bodily injury to Torres by shooting him with a firearm and
admitted the injury occurred in the course of committing theft. While Brook does not provide details
on how he injured Torres, such details are not necessary. A judicial confession is sufficient evidence
of guilt if it simply admits the acts as alleged in the indictment without detailing them. Adam v.
State, 490 S.W.2d 189, 190 (Tex. Crim. App. 1973); Watson v. State, 974 S.W.2d 763, 765 (Tex.
App.-San Antonio 1998, no pet.); Coleman v. State, 860 S.W.2d 496, 498 (Tex. App.-Dallas 1993,
no pet.). Brook also argues that no theft occurred because no money was taken. However, the
offense of robbery is committed when a person is "[i]n the course of committing theft." This phrase
is defined to include an attempt to commit theft. Tex. Pen. Code Ann. § 29.01(1) (Vernon 2003). 
Evidence that Brook attempted to commit theft include his signed confession and an accomplice
statement. Brook affirmed he did commit each element of aggravated robbery, even though he did
not detail them. Therefore, his judicial confession is sufficient to support a conviction.

 Additionally, Brook signed a confession given to the police. An extra-judicial confession,
however, is not sufficient support by itself. An extra-judicial confession must be corroborated by
other evidence. The corpus delicti rule is a rule of evidentiary sufficiency that holds an extra-judicial
confession of wrongdoing, standing alone, is not enough to support a conviction; there must exist
other evidence showing that a crime has in fact been committed. Salazar v. State, 86 S.W.3d 640,
644 (Tex. Crim. App. 2002).

 There is overwhelming evidence that the crime occurred, which is all the corroboration to
the confession required under Salazar. Torres was shot twice and treated in the hospital. Five of
the statements introduced into evidence by the State contain admissions by Brook and his
accomplices that Torres was shot. In addition to the judicial confession and the police confession,
the accomplice who drove Brook, Krystal Wilbanks, testified they were going to pick up some
money. After the crime, an accomplice, Clint Young, made an admission that money was one of the
reasons they went to Torres' house. The record contains sufficient evidence the crime occurred and,
thus, the extra-judicial confession is sufficiently corroborated.

 The evidence in this case is both legally and factually sufficient. We affirm the judgment of
the trial court.




 Jack Carter

 Justice


Date Submitted: February 27, 2003

Date Decided: May 16, 2003


Do Not Publish