In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00022-CR


______________________________




JUAN BALLESTEROS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 7th Judicial District Court


Smith County, Texas


Trial Court No. 007-0955-08




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Juan Ballesteros was convicted of aggravated robbery, a first-degree felony. (1) It was alleged
that during the course of a theft, Ballesteros caused bodily injury to Mary Wood, a person over the
age of sixty-five. An enhancement paragraph was included in the indictment, alleging a prior felony
conviction for driving while intoxicated. After Ballesteros pled guilty to the underlying charge, but
not the punishment enhancement, the case was submitted to the jury for a punishment determination. 
The jury found the enhancement paragraph "true" and assessed Ballesteros's punishment at life in
prison and a $10,000.00 fine. 

 Ballesteros argues that there is legally and factually insufficient evidence that he pled guilty,
and in the event he did plead guilty, that there is insufficient evidence to support the plea. (2) We
disagree. 

 We affirm the judgment because Ballesteros pled guilty and there is sufficient evidence to
support the plea.

 "No person can be convicted of a felony except upon the verdict of a jury duly rendered and
recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of
trial by jury in writing . . . ." Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005). The State is
required to introduce evidence showing the defendant's guilt. (3) See id. Evidence is sufficient under
Article 1.15 if it embraces every essential element of the offense charged and establishes the
defendant's guilt. See Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A judicial
confession alone is usually sufficient to satisfy the requirements of Article 1.15, but a judicial
confession that omits an element of the offense is insufficient to support a guilty plea. (4) An oral
confession may also constitute sufficient evidence to support the judgment and to satisfy Article
1.15. See Tex. Code Crim. Proc. Ann. art. 1.15; Lord v. State, 63 S.W.3d 87, 92 (Tex.
App.--Corpus Christi 2001, no pet.) (citing Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App.
[Panel Op.] 1979) (op. on reh'g) (holding oral exchange with court at time plea accepted constituted
judicial confession sufficient to support judgment and satisfy Article 1.15)); McFarland v. State, 644
S.W.2d 17, 18 (Tex. App.--Dallas 1982, no pet.) (defendant's oral judicial confession he is pleading
guilty just as he is charged in indictment sufficient evidence to support plea). 

 An exception to this rule provides that if the judicial confession contains a "catch-all" phrase
that the defendant is guilty "as charged in the indictment," the confession is sufficient evidence to
support the conviction even where an element of the offense has been omitted. See Snyder v. State,
629 S.W.2d 930, 932 (Tex. Crim. App. 1982). This exception seems also to apply to sworn oral
statements made by the defendant during the course of the plea proceedings that the indictment is
"true and correct." Breaux v. State, 16 S.W.3d 854, 857 n.2 (Tex. App.--Houston [14th Dist.] 2000,
pet. ref'd).

 Aggravated robbery occurs when a person commits robbery as defined in Section 29.02 (5) and
(1) causes serious bodily injury to another or (2) uses or exhibits a deadly weapon. Tex. Penal
Code Ann. § 29.03 (Vernon 2003).

 In this case, Ballesteros made several clear guilty pleas. During the trial, Ballesteros
affirmatively stated that he understood the charges of the indictment and the range of punishment. 
Then, the following two exchanges took place between the trial court and Ballesteros:

 THE COURT: As to that underlying first-degree felony charge, I think you
pled guilty to that, correct? 

 

 [BALLESTEROS]: Yes.


 . . . .


 THE COURT: . . . Are you pleading guilty today because you're, in fact,
guilty of each of those charges and for no other reason? Are you pleading guilty
because you are guilty?

 

 [BALLESTEROS]: Guilty because I am guilty.


 In the signed and sworn stipulation of evidence, Ballesteros admits to committing the specific
acts alleged in the indictment. The indictment alleged that "while in the course of committing theft
of property and with intent to obtain or maintain control of said property [Ballesteros] intentionally,
knowingly, or recklessly cause[d] bodily injury to Mary Wood, a person 65 years of age or older, by
pulling Mary Wood to the ground and pushing Mary Wood to the ground." In stipulation of
evidence, Ballesteros confessed that the allegations in the indictment were true and correct, repeating
the allegations verbatim. The oral statements and the stipulation of evidence amount to a judicial
confession of the acts alleged in the indictment. Therefore, there is sufficient evidence that
Ballesteros pled guilty and there is sufficient evidence to support the plea. We overrule Ballesteros's
points of error and affirm the judgment of the trial court. 



 Bailey C. Moseley

 Justice


Date Submitted: August 31, 2009

Date Decided: September 11, 2009


Do Not Publish


1. Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court
of Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.
2. Ballesteros's arguments are apparently based upon the premise that documentation of the
plea and stipulation of evidence are absent from the record. However, the supplemental clerk's
record containing the acknowledgment of admonishments, stipulation of evidence, waiver of jury
trial, and agreement to stipulate testimony was filed after Ballesteros's brief.
3. Article 1.15 provides that:


 The evidence may be stipulated if the defendant in such case consents in writing, in
open court, to waive the appearance, confrontation, and cross-examination of
witnesses, and further consents either to an oral stipulation of the evidence and
testimony or to the introduction of testimony by affidavits, written statements of
witnesses, and any other documentary evidence in support of the judgment of the
court.


Tex. Code Crim. Proc. Ann. art. 1.15.
4. A defendant's written stipulation that the evidence admitted is true and correct qualifies as
a judicial confession. Roberson v. State, 879 S.W.2d 250, 254 (Tex. App.--Dallas 1994, no pet.). 
5. Under Section 29.02 of the Texas Penal Code, a person commits robbery if "in the course
of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the
property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or
(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." 
Tex. Penal Code Ann. § 29.02 (Vernon 2003).

 Theft is defined as the unlawful appropriation of property with the intent to deprive the owner
of the property. Tex. Penal Code Ann. § 31.03(a) (Vernon Supp. 2008).


="false"
 UnhideWhenUsed="false" Name="Medium Grid 2 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00029-CR

                                                ______________________________

 

 

                                     THE STATE OF
TEXAS, Appellant

 

                                                                V.

 

                                  LARRY BURNEL WILSON, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 20187

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                    Opinion by Chief Justice Morriss








                                                                   O P I N I O N

 

            The State of
Texas asserts on appeal that the time credit given to Larry Burnel Wilson for
time Wilson spent in a Substance Abuse Felony Punishment (SAFP) Facility made
his sentence illegal.  Finding that time
credits are not part of the sentence, but merely a credit to the sentence, we
conclude we have no jurisdiction to address the States attempted appeal
regarding the time credits to Wilsons sentence.

            Wilson was
adjudicated[1] guilty of
aggravated assault causing serious bodily injury.  See
Tex. Penal Code Ann. § 22.02(a)(1)
(West 2011).  The trial court assessed a
five-year prison sentence as punishment but, in its judgment, credited Wilsons
sentence with the time he spent in a SAFP Facility.  The State argues that the sentence is illegal
because the trial court erred in applying the SAFP time credit, as Texas law
allegedly did not permit such a credit at the time Wilson was placed on
community supervision.  Wilson contends
the State is not attacking the sentence assessed, but rather, is seeking to
attack the award of time credits to the sentence.  We agree.

            The State
may appeal a sentence in a case on the ground that the sentence is
illegal.  Tex. Code Crim. Proc. Ann. art. 44.01(b) (West Supp.
2010).  Appellate jurisdiction under the
statute does not hinge on the legality of a sentence.  State
v. Ross, 953 S.W.2d 748, 749 (Tex. Crim. App. 1997).  Rather, jurisdiction turns on whether the
State appeals a sentence.  Id. at
74950; see also State v. Baize, 981 S.W.2d 204, 206 (Tex. Crim App. 1998).  To invoke jurisdiction under Article
44.01(b), the State must appeal the sentence, not something that merely affects
the sentence.  Ross, 953 S.W.2d at 750.

            We,
therefore, address the threshold jurisdictional question of whether the State
is appealing Wilsons five-year sentence for aggravated assault causing serious
bodily injury and whether time credit is actually part of the sentence.  A sentence is only a part of the
judgment.  It is that part of the
judgment, or order revoking a suspension of the imposition of a sentence, that
orders that the punishment be carried into execution in the manner prescribed
by law.  Tex. Code Crim. Proc. Ann. art. 42.02 (West 2006).  As explained in Ross, a sentence is nothing more than the portion of the judgment
setting out the terms of the punishment. 
Ross, 953 S.W.2d at 750.  The Texas
Court of Criminal Appeals more recently clarified its holding in Ross, stating that a sentence consists
of the facts of the punishment itself, including the date of commencement of
the sentence, its duration, and the concurrent or cumulative nature of the term
of confinement and the amount of fine, if any. 
State v. Kersh, 127 S.W.3d
775, 777 (Tex. Crim. App. 2004) (duration of punishment for habitual and repeat
offenders is part of sentence).

            Here,
the State does not contend Wilsons five-year sentence is illegal; that is, it
does not contend that this period of confinement falls outside the maximum or
minimum range of punishment.  See Mizell v. State, 119 S.W.3d 804, 806
(Tex. Crim. App. 2003) (sentence outside either maximum or minimum range of
punishment is illegal).  Rather, the
State contends Wilson should not have been credited with time spent in the SAFP
Facility.[2]

            For this
Court to have jurisdiction pursuant to Article 44.01(b), the time credit
awarded in the judgment against Wilson must be a part of the sentence.  While we find no cases directly on point, we
are guided by Ross, which recognized
the narrow definition of sentence as encompassing only a part of the judgment.

            Before the
1981 amendment of Article 42.02 of the Texas Code of Criminal Procedure, the
term sentence was more broadly defined as the order of the court . . . pronouncing
the judgment and ordering the same to execute.  Ross,
953 S.W.2d at 750 (citing Thornton v. State, 576 S.W.2d 407, 408 (Tex. Crim. App. 1979)); see Tex.
Code Crim. Proc. Ann. art.
42.02 (as enacted by Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722, § 1, eff.
Jan. 1, 1966).  Now, however, the
sentence includes only the terms of punishment.[3]  Ross,
953 S.W.2d at 750.[4]  On the other hand, credit for time served in
a SAFP Facility affects the sentence, but

almost everything in the judgment affects the sentence,
including the jury verdict, the offense for which defendant is convicted and
affirmative findings.  For example, if
the defendant is found not guilty, he cannot be punished at all.  Likewise, the fact that he is convicted of
shoplifting, as opposed to capital murder, also necessarily affects his
sentence.  Like the jury verdict and the
offense for which a defendant is convicted, a deadly weapon finding also
impacts the sentence.  Yet, to consider
any of these findings as part of the sentence disregards the fact that the
legislature has narrowed, not broadened, the definition of sentence.

 

Id. at 75051.[5]  A deadly weapon finding, although it affects
a defendants sentence, is not part of the sentence.  Id. at 752; Marshall v. State, 860 S.W.2d 142 (Tex.
App.Dallas 1993, no pet.) (trial court not required to orally pronounce deadly
weapon finding; such finding not part of sentence).  Similarly, a time credit affects a
defendants sentence.  It does not
logically follow, however, that a time credit is part of the sentence.[6]  Even though the judgment must address any
credit for time served,[7]
such credit does not reflect the actual terms or facts of punishment as we
understand the sense of the Texas Court of Criminal Appeals in Ross.

            As
a practical matter, credit for time served is often included as a part of the
oral pronouncement of sentence in the defendants presence.  See,
e.g., Fragel v. State, Nos. 03-10-00285-CR,
03-10-00286-CR, 2011 WL 1237626 (Tex. App.Austin Mar. 31, 2011, no pet.) (mem.
op., not designated for publication); Franqui
v. State, No. 03-08-00028-CR, 2009 WL 280981 (Tex. App.Austin, Feb. 6,
2009, no pet.) (mem. op., not designated for publication); Ferrow v. State, No. 03-08-00326-CR, 2008 WL 5423210, at * 1 (Tex.
App.Austin Dec. 31, 2008, no pet.) (mem. op., not designated for publication)
(written judgment modified to conform to sentence orally pronounced).[8]  These cases do not, however, address the
issue of whether time credit is part of a defendants sentence for purposes of
invoking appellate court jurisdiction pursuant to Article 44.01(b) of the Texas
Code of Criminal Procedure.

            In this
regard, the language of Article 42.03, Section 2 (pronouncing sentence; time;
credit for time spent in jail between arrest and sentence or pending appeal) is
instructive.  It provides, [I]n all
cases the judge of the court in which the defendant is convicted shall give the
defendant credit on the defendants
sentence for the time spent . . . in jail . . . .  Tex.
Code Crim. Proc. Ann. art. 42.03, § 2(a)(1) (West Supp. 2010) (emphasis added).  This language differentiates the sentence
itself from credit given on the sentence. 
If the time credit were part of the sentence, the above-quoted language
would be at least misleading.

            The
time credit accorded Wilson merely affects the sentence, but does not set forth
the terms or facts of punishment as we understand the meaning of the statutory
scheme and the Ross opinion.  Accordingly, the State is not appealing the
sentence on the grounds that it was illegal. 
See Tex. Code Crim. Proc. Ann. art. 44.01(b).  Rather, this appeal involves the propriety of
granting credit for time served in a SAFP Facility.  This Court is therefore
without jurisdiction to hear the States appeal.

            We dismiss
this appeal for want of jurisdiction.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
28, 2011   

Date Decided:             August
24, 2011

 

Publish

 

 

 











[1]In
2002, Wilson had pled guilty to the offense and was placed on ten years
deferred adjudication community supervision. 
In 2009, the conditions of Wilsons community supervision were modified
to require completion of a program of treatment in a SAFP Facility, to be
followed thereafter by a continuum of care program.  Wilson failed to complete the continuum of
care program on release from the SAFP Facility in 2010.  Wilson pled true to failing to complete the
continuum of care program, but pled not true to failing to complete his time in
the SAFP Facility.  





[2]Since
we conclude that we have no jurisdiction to address any substantive issue in
this attempted appeal, we do not address the States claim that the trial court
had no discretion or authority to grant Wilson credit for his SAFP Facility time
and, thus, violated a statutory duty not to grant credit for that time.  See
Ross, 953 S.W.2d at 75152
(suggesting mandamus remedy may be available).

 





[3]Such
terms include the date the sentence is to commence, its duration, and the
concurrent or cumulative nature of the term of confinement and the amount of
the fine, if any.  Kersh, 127 S.W.3d at 777.

 





[4]The
1981 amendment to Article 42.02 of the Texas Code of Criminal Procedure
narrowed the definition of sentence to include that part of the judgment . . .
order[ing] that the punishment be carried into execution in the manner
prescribed by law.  Ross, 953 S.W.2d at 750 (citing Tex.
Code Crim. Proc. Ann. art. 42.02 (as amended by Act of June 1, 1981,
67th Leg., R.S., ch. 291, § 112, Tex. Gen. Laws 761, 809, eff. Sept. 1, 1981)).

 





[5]In
Ross, for example, the sentence
would include the facts that
appellant is to serve sixteen years in the penitentiary beginning July 28,
1995, that his term is concurrent and that he must pay a $500 fine.  Ross,
953 S.W.2d at 750.

 





[6]The
case before us, while apparently similar to Collins
v. State, 240 S.W.3d 925 (Tex. Crim. App. 2007), in which the jurisdiction
of the court of appeals to hear a States appeal was addressed, is distinguishable
from Collins.  Collins
involved a defendant who entered into a plea bargain by which he would plead
guilty and receive time credit in the amount of thirty-four days for pretrial
jail time.  After judgment was entered,
the defendant filed a motion for judgment nunc pro tunc, seeking additional
time credits to his sentence.  The trial
court entered a judgment nunc pro tunc giving additional credit for pretrial
jail time.  The Texas Court of Criminal
Appeals held that the court of appeals had jurisdiction to hear the States
appeal pursuant to Article 44.01(a)(2), because the order of the trial court
modified the judgment.  Id. at 927.  Article 44.01(a)(2) permits an appeal by the
State in a criminal case if the order arrests or modifies a judgment.  Tex.
Code Crim. Proc. Ann. art. 44.01(a)(2) (West Supp. 2010).  Collins
stands for the proposition that the State may appeal when a trial court
modifies a judgment, not for the proposition that the State may appeal when
time credits have been given.  Here, the
State attempts to appeal a sentence on the basis that it is illegal, under the
authority of Article 44.01(b), a different statutory authorization for appeal.

 





[7]See Tex.
Code Crim. Proc. Ann. art. 42.01, § 1(18) (West Supp. 2010).  Credit for time served is an element of the
judgment.  Collins, 240 S.W.3d at 928.





[8]Although
these unpublished cases have no precedential value, we may take guidance from
them as an aid in developing reasoning that may be employed.  Carillo
v. State, 98 S.W.3d 789, 794 (Tex. App.Amarillo 2003, pet. refd).