

# NUMBERS 13-14-00147-CR & 13-14-00153-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                      **Appellant,**

**v.**

ALFREDO ZUNIGA GONZALEZ,                       **Appellee.**

## On appeal from the County Court at Law No. 8
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

The State of Texas appeals from the trial court's order granting appellee Alfredo

Zuniga Gonzalez's application for writ of habeas corpus in two separate causes.[1]  *See*

---

[1] Appellate cause no. 13-14-147-CR is the appeal from trial cause no. CR-06-12734-H. Appellate cause no. 13-14-153-CR is the appeal from trial cause no. CR-05-4054-H. Our analysis allows us to consider the two causes in a consolidated opinion. Appellee Alfredo Zuniga Gonzalez did not file a response brief in either cause.

TEX. CODE CRIM. PROC. ANN. art. 11.072 (West, Westlaw through Ch. 46 2015 R.S.). By one issue, the State argues the trial court abused its discretion in granting habeas relief because the record does not support the trial court's finding that Gonzalez's guilty pleas were "made unintelligently, unknowingly, and involuntarily." We reverse and render.

## I. BACKGROUND

Gonzalez was charged by information with two separate counts of driving while intoxicated in trial cause numbers CR-05-4054-H and CR-06-12734-H, a Class A and Class B misdemeanor, respectively. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (West, Westlaw through Ch. 46 2015 R.S.).

At the plea hearing, Gonzalez appeared with counsel who informed the trial court that he was "standing in for [retained counsel]."[2] Gonzalez pleaded guilty, and, prior to sentencing, Gonzalez's counsel stated "we would be asking the Court for one year of probation in this case. This is [retained counsel's] case. This is what he asked me to ask of the Court, Your Honor." In both causes, the trial court sentenced Gonzalez to 180 days' confinement with a combined fine of $1,400. In each case, the trial court suspended the sentence and placed Gonzalez on community supervision for a period of eighteen months.

Gonzalez later filed an application for writ of habeas corpus in both causes alleging that his "plea of guilty was unlawfully induced and not made voluntarily and intelligently with understanding of the nature of the charge and the consequences of the plea because he did not have adequate time to prepare for trial." The application asserts that

---

[2] Gonzalez retained counsel in April 2005, when he was first indicted. For reasons not apparent in the record, Gonzalez did not plead guilty to the DWI counts until October 29, 2013.

Gonzalez's counsel was not given ten days to prepare for the proceeding in violation of Texas Code of Criminal Procedure article 1.051(e). *See* TEX. CODE OF CRIM. PROC. ANN. art. 1.051(e). Gonzalez included the judgments of conviction and reporter's record from the plea proceeding as exhibits to his respective applications. The trial court granted the applications for writ of habeas corpus without a hearing, and entered the following findings of fact and conclusions of law in each cause:

**THE COURT FINDS THAT:**[3]

A. On or about January 18, 2005, [Gonzalez] was arrested for . . . Driving while Intoxicated.[4]

B. On October 29, 2013, Gonzalez entered his plea of guilty without time to prepare or discuss his case with his attorney.

C. Neither [Gonzalez] nor his attorney waived the 10 day time period required by Texas Code of Criminal Procedure 1.051.

**THE COURT CONCLUDES THAT:**

The right of counsel at trial is regarded as fundamental. The assistance of counsel protects a Defendant's right to a fair trial. Counsel ensures that the prosecution's case is subjected to meaningful adversarial testing and safeguards the Defendant's rights. A Defendant is therefore entitled to counsel unless the defendant competently, intelligently, and voluntarily waives the right to counsel.

Article 1.051(e) of the Texas Code of Criminal [P]rocedure provides that legal counsel is entitled to 10 days to prepare for a proceeding. Said 10 days may be waived, but only with the consent of the defendant in writing or on the record in open court.

In this case, it is clear that:

---

[3] The trial court's order uses bold font as shown.

[4] The trial court's order identifies the offense as a Class A misdemeanor in trial cause no. CR-05-4054-H and a Class B misdemeanor in trial cause no. CR-06-12734-H. However, the information and complaint reflect September 22, 2006, as the date of Gonzalez's arrest in trial cause no. CR-06-12734-H.

1. [Gonzalez] did not have 10 days to prepare with his Counsel; and

2. [Gonzalez] never waived said ten days;

3. [Gonzalez's] plea was made unintelligently, unknowingly, and involuntarily as he did not have enough time to talk to his attorney.  He was taken to trial with no notice and no time to prepare adequately with counsel.

The trial court ordered that "[Gonzalez's] plea[s] of guilty, Judgment and Sentence are hereby SET ASIDE."  This appeal followed.

## II. HABEAS RELIEF

The State argues "[t]he trial court abused its discretion when granting [Gonzalez] relief as the record does not support the trial court's findings of fact or conclusions of law." Specifically, the State maintains that:   article 1.051(e)'s ten-day provision applies only to appointed counsel, and not retained counsel; Gonzalez's retained counsel had more than ten days to prepare for the plea proceedings; and the trial court's finding that Gonzalez's plea was made unintelligently, unknowingly, and involuntarily is "wholly unsupportable." We agree that the trial court abused its discretion in granting relief.

## A.    Standard of Review and Applicable Law

"A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself."  *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)).   A guilty plea must be entered knowingly, intelligently, and voluntarily to be consistent with due process of law.  *Id.*   The test for determining the validity of a plea is whether it represents a voluntary and intelligent choice among alternative courses of action open to the defendant.  *Ex parte Karlson*, 282 S.W.3d 118, 129 (Tex. App.—

4

Fort Worth 2009, pet. ref'd) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). A guilty plea made by a defendant fully aware of the plea's direct consequences must stand unless it was induced by threats, misrepresentations, or promises that are by their nature improper. *Ex parte Morrow*, 952 S.W.2d 530, 534–35 (Tex. Crim. App. 1997), *cert. denied*, 525 U.S. 810 (1998).

An applicant seeking habeas relief on the basis of an involuntary guilty plea must prove the claim by a preponderance of the evidence. *Kniatt*, 206 S.W.3d at 664. When a person attacks the validity of his prior guilty plea as reflected in the written judgment, he bears the burden of defeating the normal presumption that recitals in the written judgment are correct. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). The written recitals are binding in the absence of direct proof they are false. *Id.*

In an article 11.072 habeas proceeding, we view the facts in the light most favorable to the habeas court's ruling and uphold the ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.072. A trial court abuses its discretion when its ruling is arbitrary or unreasonable. *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003). The trial court is the sole finder of fact in a habeas proceeding. *Guerrero*, 400 S.W.3d at 583. "We afford almost total deference to a trial court's factual findings when supported by the record, especially when those findings are based upon credibility and demeanor." *Id.* An applicant's live, sworn testimony is a sufficient basis for upholding a decision to grant habeas relief because the trial court is free to believe any or all of a

5

witness's testimony. *Id.* "Furthermore, reviewing courts will defer to a trial judge's factual findings that are supported by the record even when no witnesses testify and all of the evidence is submitted through affidavits, depositions, or interrogatories." *Id.* However, "in all habeas cases, sworn pleadings are an inadequate basis upon which to grant relief, and matters alleged in the application that are not admitted by the State are considered denied." *Id.* "If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo." *Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App.—Fort Worth 2011, pet. ref'd).

## B.     Analysis

In both causes, the recitals in the judgment provide that:

> "[Gonzalez] was arraigned and in open Court, pleaded GUILTY to the charge contained in the information.   Thereupon the Defendant was admonished by the Court of the consequences of said plea, including the range of punishment for the offense and that no punishment recommendation by the prosecuting attorney is binding on the Court.   The Court inquired into the existence of a plea bargain agreement and then informed the Defendant whether it would reject or accept the plea bargain agreement.   The Defendant persisted in entering the said plea and it appearing to the Court that the Defendant is mentally competent and that *the plea is free and voluntary*, accepted the said plea which is here entered of record upon the minutes.

(emphasis added).   The written recitals regarding the voluntariness of Gonzalez's plea are presumed to be correct and are binding absent direct proof they are false.   *See Guerrero*, 400 S.W.3d at 583.

Gonzalez did not testify in the underlying habeas proceedings, and he did not attach to his application any competent evidence such as affidavits or deposition testimony that would support the trial court's findings.   As explained above, "sworn pleadings are an inadequate basis upon which to grant relief[.]"   *Id.*   We further note that the judge in the plea proceedings properly admonished Gonzalez prior to accepting his

guilty plea in accordance with Texas Code of Criminal Procedure article 26.13.[5] *See* TEX. CODE OF CRIM. PROC. ANN. art. 26.13. The trial court's proper admonishment of a defendant constitutes a prima facie showing that the defendant's plea was knowing and voluntary.[6] *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam). There is no evidence in the record rebutting this prima facie showing.

The trial court's granting of habeas relief is premised on its finding that Gonzalez did not have ten days to prepare with counsel in violation of article 1.051(e). *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(e). Article 1.051(e) provides that "[a]n appointed counsel is entitled to 10 days to prepare for a proceeding[.]" TEX. CODE CRIM. PROC. ANN.

---

[5] Article 26.13 provides, in relevant part, that:

    a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

    (1) the range of the punishment attached to the offense;

    (2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. . . .

    (3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and the defendant's attorney, the trial court must give its permission to the defendant before the defendant may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial;

    (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law; and

    . . .
(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

TEX. CODE OF CRIM. PROC. ANN. art. 26.13(a),(b) (West, Westlaw through Ch. 46 2015 R.S.).

[6] While the trial court's admonishments were in compliance with article 26.13, we note that the trial court was not required to comply with article 26.13 because Gonzalez was charged with misdemeanor offenses. *See State v. Guerrero*, 400 S.W.3d 576, 589 (Tex. Crim. App. 2013) (explaining that article 26.13 does not apply to misdemeanor cases).

7

art. 1.051(e). Federal and Texas state courts limit the review of post-conviction writs to jurisdictional or fundamental defects and constitutional claims. *Ex parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002). "Violations of statutes, rules, or other non-constitutional doctrines are not recognized" on collateral review. *Id.* Accordingly, a violation of article 1.051(e) is not a basis for habeas relief.

We also observe that the primary objective of article 1.051(e) is to "ensure the indigent defendant receives appointed counsel who is prepared for the proceeding." *Marin v. State*, 891 S.W.2d 267, 272 (Tex. Crim. App. 1994). The record reflects that Gonzalez was represented by retained counsel. Article 1.051(e) does not apply to a defendant represented by retained counsel. *See id.*; *see also Garay v. State*, 04-14-00252-CR, 2015 WL 1876160, at *2 (Tex. App.—San Antonio 2015, no pet. h.) (mem. op., not designated for publication) (holding article 1.051(e) did not apply where defendant appeared at trial with retained counsel); *Blacklock v. State*, No. C14-93-00330-CR, 1994 WL 416551, *2 (Tex. App.—Houston [14th Dist.], pet. ref'd) (mem. op., not designated for publication) (same).

Even if article 1.051(e) were applicable here, there is no support in the record for the trial court's finding that Gonzalez "did not have 10 days to prepare with his Counsel." The record reflects that Gonzalez was represented in the underlying causes since 2005, when his counsel filed a "Waiver of Arraignment." Gonzalez's counsel filed motions for continuance in 2012 for the express purpose of having additional time to negotiate a plea agreement with the State. Gonzalez's guilty pleas were entered twenty-one months later. Further, Gonzalez's representation by substitute counsel at the plea hearing does

8

not constitute a violation of article 1.051(e). *See Roberson v. State*, 879 S.W.2d 250, 253 (Tex. App.—Dallas 1994, no pet.) (holding "ten-day preparation period does not apply to counsel who substitutes for a court-appointed counsel who has not been replaced"). Substitute counsel was merely standing in for Gonzalez's retained attorney to carry out his express instructions.

## C. Summary

Although we defer to a trial court's factual findings when they are supported by the record, we conclude that the record in this case does not support the trial court's finding that Gonzalez's "plea was made unintelligently, unknowingly, and involuntarily." *See State v. Groves*, 837 S.W.2d 103, 106 (Tex. Crim. App. 1992) (declining to defer to a trial court's factual findings that were not supported by the record). In the absence of any competent evidence in the record on which to base its decision, we hold the trial court abused its discretion in granting habeas relief. We sustain the State's issue.

## III. CONCLUSION

In both appellate causes, we reverse the trial court's orders granting Gonzalez's application for a writ of habeas corpus, and render judgment that Gonzalez's guilty pleas are reinstated.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of September, 2015.

9