**Armando Herrera ADAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46466.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Glenn B. Lacy, San Antonio, for appellant.

Ted Butler, Dist. Atty., Bill Harris and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant entered a plea of guilty before the court to the offense of the sale of narcotics: to-wit, heroin; the court found him guilty and assessed punishment at six (6) years.

It is appellant's contention that the evidence will not support the judgment because he says that it shows from the report of Pat Dotson, undercover agent for the San Antonio Police Department, that appellant was acting as the agent of the buyer, see Smith v. State, Tex.Cr.App., 396 S.W.2d 876.

The statement in the police report of Dotson in evidence before the court, reads:

"Today the 28th day of January 1972, I (det. Pat Dotson) came into contact with one Armando Adam while I was working undercover in the role of a long hair drug user. During our contact Armando asked me if I wanted to buy a gram of heroin and I told him that I did. He said that he was ready to go to his connection to pick some up, and would I take him. We drove to the above location and Armando asked me for the $35.00 and I gave him three ten dollar bills and a five dollar bill. He left the car and went to a unknown house and returned and handed me a piece of yellow cellophane paper containing a white powder alleged to be heroin. I placed the gram in my pocket and left the above location. Armando was dropped off where he asked to be let off."

The report clearly does not raise the issue of accommodation agent but shows the approach to sell was first made by appellant.

■ As the record reflects, appellant was fully admonished before the trial court accepted his guilty plea pursuant to Art. 1.15, Vernon's Ann.C.C.P. Furthermore, appellant knowingly and voluntarily swore to and signed the written waiver and consent to stipulations which waived the appearance, confrontation, and cross-examination of witnesses by affidavits, written statements, and other documentary evidence. These statements and reports admitted into evidence clearly presented all the requisite elements of the offense charged. Hammond v. State, 470 S.W.2d 683 (Tex.Cr.App.1971).

■ While the written waiver and consent to stipulations does not contain a handwritten judicial confession, Soto v. State, 456 S.W.2d 389 (Tex.Cr.App.1970), cert. denied, 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223, it did contain the following language:

"Said defendant in person under oath together with his counsel and the attorney representing the State of Texas further agrees and stipulates that he, the said defendant, is the identical person named in the indictment in the above styled and numbered cause and that all the acts and allegations in said indictment (count no. one (1) of said Indictment) charging the offense of Sale of a Narcotic Drug, to-wit: Heroin are true and correct . . . ."

This "catch-all" stipulation is sufficient to constitute a judicial confession which will alone support a conviction. See Miles v. State, Tex.Cr.App., 486 S.W.2d 326, opinion delivered on November 1, 1972; McNeese v. State, 468 S.W.2d 801 (Tex.Cr.App.1971); Edwards v. State, 463 S.W.2d 733 (Tex.Cr.App.1971).

It is apparent that all of the witnesses' statements stipulated thereto and the "catch-all" stipulation evidence was sufficient to support appellant's conviction.

We find no error in the record and the judgment is affirmed.

Opinion approved by the Court.