COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-042-CR
 
 
DREXEL 
DON GAFFNEY, JR.                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        Appellant 
Drexel Don Gaffney, Jr. entered an open plea of guilty to aggravated robbery 
with a deadly weapon. He also pleaded true to allegations that he had violated 
the terms of his probation for a prior robbery. The trial court conducted a 
punishment hearing and, following the hearing, sentenced Gaffney to forty-five 
years’ confinement for the aggravated robbery and to six years’ confinement 
for the robbery, to be served concurrently. We will affirm.
II. Procedural 
Background
        On 
March 4, 2004, we issued an opinion affirming the judgments in cause numbers 
2-03-040-CR and 2-03-041-CR, which were originally consolidated with the case at 
hand. On the same date, we abated this case for appointment of new counsel after 
determining that appellant’s counsel, who had filed an Anders[2] brief for all three cause numbers, could have raised 
at least one arguable ground on appeal with regard to this case:  the trial 
court lacked jurisdiction to place language in the judgment requiring Gaffney to 
pay appointed counsel fees of $1,972.85 as a condition of parole. [misc. file - 
abatement order]
        On 
March 26, 2004, the trial court held a hearing on the abatement order, issued a 
judgment nunc pro tunc to delete the condition of parole requiring Gaffney to 
pay appointed counsel’s fees, and determined that Gaffney still desired to 
appeal this case and was indigent. Thereafter, the trial court appointed new 
appellate counsel for Gaffney.
        Gaffney’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California by presenting a 
professional evaluation of the record demonstrating why there are no arguable 
grounds for relief. 386 U.S. at 738, 87 S. Ct. at 1396.
III. 
Independent Review of the Record
        In 
our duties as a reviewing court, we must conduct an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. 
Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.—Fort 
Worth 1995, no pet.). We have conducted an independent review of the record and 
have determined just that.
        Gaffney 
entered an open plea of guilty, so he waived the right to appeal any 
nonjurisdictional defects, other than the voluntariness of his pleas, that 
occurred before entry of the plea so long as the judgment of guilt was rendered 
independent of, and is not supported by, the alleged error. See Young v. 
State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995). Therefore, our independent review of 
the record is limited to potential jurisdiction defects, the voluntariness of 
Gaffney’s plea, potential error occurring before Gaffney’s plea that 
resulted in or supports the judgment of guilt, and potential error occurring 
after the guilty plea. See Young, 8 S.W.3d at 666-67.
        Our 
review of the record reveals no jurisdictional defects. The trial court had 
jurisdiction over the case. See Tex. 
Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004-05). Further, the 
indictment conferred jurisdiction on the trial court and provided Gaffney with 
sufficient notice. See Tex. Const. 
art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 
1997).
        The 
record reveals that Gaffney filed several pretrial motions. However, Gaffney’s 
written plea admonishments waived all pretrial motions. Therefore, the record 
does not reveal any error occurring before Gaffney’s plea that resulted in or 
supports the judgment of guilt.
        The 
written plea admonishments, as well as the plea colloquy between the trial court 
and Gaffney, indicate that Gaffney’s pleas were made freely and voluntarily. 
Nothing in the record would support a claim that Gaffney’s plea was 
involuntary.
        No 
objection was lodged to any of the evidence presented to the trial court at the 
plea hearing. During the hearing, the court took a break to allow Gaffney to 
sign his written plea admonishments, which included a judicial confession. The 
trial court then went over the plea with Gaffney, accepted his plea to each 
offense, and deferred a finding of guilt until after a presentence investigation 
was conducted. Although the written plea admonishments were not offered into 
evidence, they were filed with the court and properly before the court at the 
punishment hearing. See Wilson v. State, 677 S.W.2d 518, 523 (Tex. Crim. 
App. 1984) (indicating trial court may take judicial notice of its own orders, 
records, and judgments rendered in cases involving same subject matter and 
between practically same parties). A review of the record demonstrates that the 
evidence was sufficient to support Gaffney’s guilty plea. See Adam v. State, 
490 S.W.2d 189, 190 (Tex. Crim. App. 1973) (holding that written affirmation of 
indictment or information as true constitutes judicial confession, which alone 
is sufficient to sustain conviction on plea of guilty).
        The 
sentence assessed by the trial court for each offense is within the punishment 
range provided for by law. See Tex. 
Penal Code Ann. §§ 12.32, 12.33, 29.02(b), 29.03(b) (Vernon 2003). The 
trial court based the sentence on admissible evidence provided by the State and 
Gaffney. We discern no reversible error during the punishment phase.
        Counsel 
is strongly presumed to have rendered adequate assistance and made all 
significant decisions in the exercise of reasonable professional judgment. See 
Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984). 
Considering the totality of the representation of Gaffney’s trial counsel, the 
record contains nothing that would indicate that counsel’s performance was 
deficient. See id. at 687, 104 S. Ct. at 2064; Thompson v. 
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).
IV. Motion to 
Withdraw
        Because 
our independent review of the record reveals no reversible error, we agree with 
counsel’s professional determination that an appeal of this case is frivolous. 
Accordingly, we grant counsel’s motion to withdraw.
V. No Brief 
Filed by Gaffney
        This 
court provided Gaffney the opportunity to file a pro se brief.[3]  
However, Gaffney failed to file a brief.
VI. Conclusion
        Based 
on our independent review of this record, we have determined that there is no 
error on which an appeal could be based or which would require reversal of this 
case. Therefore, we grant counsel’s motion to withdraw on appeal and affirm 
the trial court’s judgment.
  
  
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).
3.  
On May 12, 2004, we issued an order striking the brief filed by Gaffney’s 
first appointed appellate attorney and the pro se brief filed by Gaffney.  
We gave Gaffney the opportunity to file a new brief after the brief by his 
current appellate counsel was filed.