Drexel Don Gaffney, Jr. v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-042-CR

DREXEL DON GAFFNEY, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Drexel Don Gaffney, Jr. entered an open plea of guilty to aggravated robbery with a deadly weapon.  He also pleaded true to allegations that he had violated the terms of his probation for a prior robbery.  The trial court conducted a punishment hearing and, following the hearing, sentenced Gaffney to forty-five years’ confinement for the aggravated robbery and to six years’ confinement for the robbery, to be served concurrently.  We will affirm.

II.  Procedural Background 

On March 4, 2004, we issued an opinion 
affirming the judgments in cause numbers 2-03-040-CR and 2-03-041-CR, which were originally consolidated with the case at hand. 
 On the same date, we abated this case for appointment of new counsel after determining that appellant’s counsel, who had filed an 
Anders
(footnote: 2) brief for all three cause numbers, could have raised at least one arguable ground on appeal with regard to this case:  the trial court lacked jurisdiction to place language in the judgment requiring Gaffney to pay appointed counsel fees of $1,972.85 as a condition of parole. [misc. file - abatement order]

On March 26, 2004, the trial court held a hearing on the abatement order, issued a judgment nunc pro tunc to delete the condition of parole requiring Gaffney to pay appointed counsel’s fees, and determined that Gaffney still desired to appeal this case and was indigent.  Thereafter, the trial court appointed new appellate counsel for Gaffney. 

Gaffney’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California 
by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. at 738, 87 S. Ct. at 1396.

III.  Independent Review of the Record

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State
, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  We have conducted an independent review of the record and have determined just that.

Gaffney entered an open plea of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his pleas, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdiction defects, the voluntariness of Gaffney’s plea, potential error occurring before Gaffney’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004-05).  Further, the indictment conferred jurisdiction on the trial court and provided Gaffney with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The record reveals that Gaffney filed several pretrial motions.  However, Gaffney
’s written plea admonishments waived all pretrial motions.  Therefore, the record does not reveal any error occurring before Gaffney
’s plea that resulted in or supports the judgment of guilt.

The written plea admonishments, as well as the plea colloquy between the trial court and Gaffney, indicate that Gaffney’s pleas were made freely and voluntarily.  Nothing in the record would support a claim that Gaffney’s plea was involuntary.

No objection was lodged to any of the evidence presented to the trial court at the plea hearing.  During the hearing, the court took a break to allow Gaffney to sign his written plea admonishments, which included a judicial confession.  The trial court then went over the plea with Gaffney, accepted his plea to each offense, and deferred a finding of guilt until after a presentence investigation was conducted.  Although the written plea admonishments were not offered into evidence, they were filed with the court and properly before the court at the punishment hearing.  
See Wilson v. State
, 677 S.W.2d 518, 523 (Tex. Crim. App. 1984) (indicating trial court may take judicial notice of its own orders, records, and judgments rendered in cases involving same subject matter and between practically same parties).  A review of the record demonstrates that the evidence was sufficient to support Gaffney’s guilty plea.  
See Adam v. State
, 490 S.W.2d 189, 190 (Tex. Crim. App. 1973) (holding that written affirmation of indictment or information as true constitutes judicial confession, which alone is sufficient to sustain conviction on plea of guilty).

The sentence assessed by the trial court for each offense is within the punishment range provided for by law.  
See
 
Tex. Penal Code Ann.
 §§ 12.32, 12.33, 29.02(b), 29.03(b) (Vernon 2003).  The trial court based the sentence on admissible evidence provided by the State and Gaffney.  We discern no reversible error during the punishment phase.

Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. 
 See Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984).  
Considering the totality of the representation of Gaffney’s trial counsel, the record contains nothing that would indicate that counsel’s performance was deficient.  
See
 
id.
 at 687, 104 S. Ct. at 2064; 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 

IV.  Motion to Withdraw

Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw.

V.  No Brief Filed by Gaffney

This court provided Gaffney the opportunity to file a pro se brief.
(footnote: 3) However, Gaffney 
failed to file a brief.

VI.  Conclusion

Based on our independent review of this record, we have determined that there is no error on which an appeal could be based or which would require reversal of this case.  Therefore, we grant counsel’s motion to withdraw on appeal and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 7, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
On May 12, 2004, we issued an order striking the brief filed by Gaffney’s first appointed appellate attorney and the pro se brief filed by Gaffney.  We gave Gaffney the opportunity to file a new brief after the brief by his current appellate counsel was filed.