# NO. 12-13-00003-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID WAYNE GREEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

David Wayne Green appeals his convictions for four counts of sexual assault of a child whom he was prohibited from marrying and one count of aggravated sexual assault of a child. Appellant was assessed five life sentences to be served consecutively. Appellant raises one issue challenging the sufficiency of the evidence supporting his guilty plea. We affirm.

## BACKGROUND

Appellant was charged by indictment with four counts of sexual assault of a child whom he was prohibited from marrying and one count of continuous sexual abuse of a child. He pleaded "guilty" before the trial court to the four counts of sexual assault of a child whom he was prohibited from marrying, and to a reduced charge of aggravated sexual assault of a child. The matter proceeded to a trial on punishment.

The evidence at trial showed that Appellant began sexually assaulting his adopted daughter when she was around thirteen years old and impregnated her by age fourteen. He admitted these acts to an inmate at the prison where he worked, and the inmate informed prison authorities. Appellant subsequently confessed to a prison investigator, to his wife, and to his own expert witness in the case.

Ultimately, the trial court adjudicated Appellant "guilty" on all five counts and assessed his punishment at imprisonment for life in each count. This appeal followed.


EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant challenges the sufficiency of the evidence to substantiate his guilty plea. He argues that the State's only evidence was his "purported" stipulation and confession. He further argues that the judicial confession is insufficient because, according to Appellant, no evidence was either orally stipulated or introduced in open court. He notes that the written stipulation does not specifically name the allegations against him, nor does it state the elements of the offenses.

## Standard of Review and Applicable Law

The standard of review announced in *Jackson v. Virginia* is not applicable when the defendant enters a plea of guilty or nolo contendere. *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd). Once a defendant enters a valid guilty plea, the state is no longer constitutionally required to prove his guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Article 1.15 of the code of criminal procedure requires the state to introduce evidence showing the guilt of the defendant. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). Such evidence "shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.*

To substantiate a guilty plea, there must be evidence "in addition to, and independent of, the plea itself to establish the defendant's guilt." *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). A stipulation of evidence or judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea so long as it establishes every element of the offense charged. *See id.* at 13. A "catch-all" stipulation may constitute a judicial confession and alone will support a conviction. *See Adam v. State*, 490 S.W.2d 189, 190 (Tex. Crim. App. 1973) (stipulation that "all the acts and allegations in said indictment (count no. one (1) of said Indictment) charging the offense of Sale of a Narcotic Drug, to-wit: Heroin are true and correct" was sufficient). A written confession approved by the trial court can substantiate a guilty plea even if not introduced into evidence. *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston

2

[14th Dist.] 2012, no pet.) (citing ***Rexford v. State***, 818 S.W.2d 494, 495-96 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd).

**<u>Judicial Confession</u>**

Appellant signed a written confession stating that he "judicially confesses to the offense(s) alleged in the indictment or complaint and information and admits that he/she committed each and every element alleged in the complaint and information and that he was guilty as charged." The confession was signed as approved by the trial court. Additionally, the trial court took judicial notice of the confession at the sentencing hearing.

We conclude that the judicial confession alone is sufficient to substantiate Appellant's guilty plea. *See **Adam***, 490 S.W.2d at 190; ***Rexford***, 818 S.W.2d at 495-96. Accordingly, we overrule Appellant's sole issue.

#### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered July 23, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 23, 2014

### NO. 12-13-00003-CR

**DAVID WAYNE GREEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30785)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*