# NO. 12-17-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTIONNE LEDELLE SKINNER,* *APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Antionne Ledelle Skinner appeals his conviction for two counts of possession of a controlled substance with intent to deliver. In three issues, he challenges the sufficiency of the evidence to support his plea and whether the trial court considered the full range of punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with four counts of possession of a controlled substance, methamphetamine, in an amount of one gram or more, but less than four grams, with intent to deliver. Appellant appeared in open court and waived his right to a jury trial. Thereafter, the State abandoned counts II and IV, and after being properly admonished, Appellant entered an open plea of "guilty" to counts I and III. In support of Appellant's plea, the State offered a stipulation of evidence signed by Appellant along with offense reports and laboratory analysis reports. The State argued for fifteen years imprisonment and Appellant argued for community supervision. The trial court sentenced Appellant to imprisonment for ten years. This appeal followed.

In Appellant's first issue, he argues that the trial court erred in finding sufficient evidence to support his guilty plea because "there was no certification from any testing facility concerning the contraband."

**Standard of Review and Applicable Law**

The standard of review announced in *Jackson v. Virginia*[1] is not applicable when the defendant enters a guilty plea. *See Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd). Once a defendant enters a valid guilty plea, the State is no longer constitutionally required to prove his guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Article 1.15 of the code of criminal procedure requires the State to introduce evidence showing the guilt of the defendant. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). Such evidence "shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.*

To substantiate a guilty plea, there must be evidence "in addition to, and independent of, the plea itself to establish the defendant's guilt." *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). A stipulation of evidence or judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea so long as it establishes every element of the offense charged. *See id.* at 13. A "catch-all" stipulation may constitute a judicial confession and alone will support a conviction. *See Adam v. State*, 490 S.W.2d 189, 190 (Tex. Crim. App. 1973) (stipulation that "all the acts and allegations in said indictment (count no. one (1) of said Indictment) charging the offense of Sale of a Narcotic Drug, to-wit: Heroin are true and correct" was sufficient). A written confession approved by the trial court can substantiate a guilty plea even if not introduced into evidence. *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Rexford v. State*, 818 S.W.2d 494, 495-96 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd)).

**Analysis**

On appeal, Appellant argues that the evidence was insufficient to support his conviction and urges us to review the trial court's judgment under the *Jackson v. Virginia* standard, which requires us to view the evidence in the light most favorable to the verdict and determine if a

---

[1] 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 560 (1979).

rational fact-finder could have found the elements beyond a reasonable doubt. 443 U.S. at 319, 99 S. Ct. at 2789. However, Appellant entered a plea of "guilty" to the charged offense, and as previously stated, the *Jackson* analysis does not apply when a defendant pleads "guilty." *See Chindaphone*, 241 S.W.3d at 219. Thus, all that is required is evidence showing the defendant's guilt. *See id.*; *McGill*, 200 S.W.3d at 330; TEX. CODE CRIM. PROC. ANN. art. 1.15.

A person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2017). The offense is a felony of the second degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams. *Id*. § 481.112(c). Methamphetamine is a controlled substance listed in Penalty Group 1. *Id*. § 481.102(6) (West Supp. 2017).

In this case, Counts I and III alleged that Appellant knowingly possessed, with intent to deliver, a controlled substance listed in penalty group one of the Texas Controlled Substances Act, namely, methamphetamine, in an amount of one gram or more but less than four grams. Appellant signed a stipulation of evidence in which he judicially confessed to every element of both counts of the charged offense to which he pleaded "guilty." The State offered the stipulation of evidence, Appellant did not object, and the court admitted the stipulation into evidence at Appellant's plea hearing. Further, the State offered, and the trial court admitted, the offense reports and laboratory analysis reports confirming that the substances at issue were methamphetamine, all without objection from Appellant. According to the reports, one item of evidence yielded 1.13 grams of methamphetamine and the other yielded 1.02 grams.

Nevertheless, Appellant argues the State was required to prove that he knowingly possessed methamphetamine in an amount more than one gram but less than four grams, with the intent to deliver and that, although the stipulation sets out those elements, the State has the additional burden of offering evidence to support the stipulation and guilty plea under Article 1.15. Moreover, Appellant argues that the State's failure to include a "certificate from the lab to show the bona fides of the exhibit" renders the laboratory analysis evidence "per se inadmissible" and, therefore, the evidence is "legally insufficient to establish possession of

cocaine by Appellant."[2] In support of Appellant's argument he directs our attention to a line of habeas corpus cases wherein the court of criminal appeals reversed convictions where laboratory analysis reports reflected that the substance alleged to be a controlled substance was not, in fact, a controlled substance. *See e.g. Ex Parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014).

Particularly, in *Mable*, the court of criminal appeals held that subsequent testing of seized substances by a crime laboratory and discovery that they did not contain any illicit materials rendered the defendant's guilty plea to possession of a controlled substance unknowing and involuntary and withdrawal of the defendant's guilty plea was warranted. *See id. Mable*, however, is not persuasive here, given that laboratory analysis reports in this case, which the trial court considered, show that the alleged controlled substance was, in fact, a controlled substance, i.e., methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6). Additionally, Article 38.41 of the Texas Code of Criminal Procedure provides that certificates of analysis of physical evidence are admissible without the declarant appearing in court if the documents are filed and served on the opponent more than twenty days before trial begins and the opponent does not file a written objection by the tenth day before trial begins. TEX. CODE CRIM. PROC. ANN. art. 38.41 (West Supp. 2017); *see also Deener v. State*, 214 S.W.3d 522, 526-28 (Tex. App.—Dallas 2006, pet ref'd). Appellant's suggestion that a laboratory analysis cannot be considered as evidence in the absence of a certificate of analysis is incorrect. *Daniels v. State*, 06-16-00102-CR, 2017 WL 429602, at *2 (Tex. App.—Texarkana Feb. 1, 2017, no pet. h.) (mem. op., not designated for publication). Article 38.41 merely provides one avenue by which the State can establish the results of a laboratory analysis. *Id.* Here, the State introduced the laboratory analysis report without any objection by Appellant, which is another avenue of admission into evidence. *Id.* This is particularly true in light of Appellant's guilty plea and express waiver of his right to cross examine and confront witnesses in open court. *See Deener*, 214 S.W.3d at 526-28 (affidavits and certificates authorized under Article 38.41 section four are testimonial within the meaning of *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d. 177 (2004), but failure to object results in the forfeiture of the right to confrontation).

Further, Appellant's judicial confession, standing alone, is sufficient to substantiate his plea of "guilty." *See Chindaphone*, 241 S.W.3d at 219; *Adam*, 490 S.W.2d at 190; *Rexford*, 818

---

[2] At one point in his brief, Appellant references cocaine. However, Appellant was charged with possession with intent to deliver methamphetamine, and throughout Appellant's brief he correctly identifies the substance at issue as methamphetamine, therefore we assume Appellant mistakenly referenced cocaine in this part of his brief.

S.W.2d at 496; *see also* TEX. R. APP. P. 33.1. Accordingly, the State presented sufficient evidence that Appellant committed the offense of possession of a controlled substance, methamphetamine, in an amount of one gram or more, but less than four grams, with intent to deliver. We overrule Appellant's first issue.

## TRIAL COURT'S CONSIDERATION OF THE FULL RANGE OF PUNISHMENT

In Appellant's second and third issues, he contends that the trial court failed to consider the full range of punishment, including community supervision, and that the trial court's failure to do so denied him due process of law. We will address these issues together.

**Standard of Review and Applicable Law**

Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761, 36 L. Ed. 2d 656 (1973). It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), *overruled on other grounds by DeLeon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). In the absence of a clear showing of bias, we will presume the trial judge was a neutral and detached officer. *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.–Corpus Christi 1993, pet. dism'd).

Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). In applying our state constitutional guarantee of due course of law, we follow contemporary federal due process interpretations. *U.S. Gov't v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997); *Fleming v. State*, 376 S.W.3d 854, 856 (Tex. App.–Fort Worth 2012), *aff'd*, 455 S.W.3d 577 (Tex. Crim. App. 2014), *cert. denied*, 135 S. Ct. 1159, 190 L. Ed. 2d 913 (2015).

**Analysis**

Appellant argues that the trial court did not consider the full range of punishment because of remarks the trial court made when sentencing Appellant. According to Appellant, "the trial court indicated that it was the role of 'dealer' and Appellant's acts of 'dealing' that made it

impossible for the trial court to consider community supervision." He specifically complains of the following comments by the trial court:

> But really these are not possession-with-intent-to-deliver cases; these are clearly delivery cases. There's really no way around it, Mr. Skinner, you are a drug dealer. That's what the evidence shows.
> …
> …So you were dealing it. It wasn't just small, petty amounts. It wasn't state jail amounts you were offering. You chose to sell out of your home -- or out of your residence.
> …
> I look at the factors surrounding the deliveries. While these aren't huge amounts, they're still more than state jail amounts.
> …
> But four deliveries to one CI in a one-month period indicates to me there was a lot of dealing going on. You yourself testified that you had about four or five customers.
> When I consider all the factors, -- your criminal history, the amount that was sold, that you weren't using, you were just selling -- I cannot in good faith probate the sentence.

However, a review of the record demonstrates the trial court considered many factors when assessing Appellant's sentence. The trial court indicated that, when deciding to sentence Appellant to ten years imprisonment instead of community supervision, it considered Appellant's criminal history, the frequency and timing of his deliveries of controlled substances to confidential informants, the amounts sold, and the fact that Appellant sold, but did not use drugs. *See Brumit*, 206 S.W.3d at 645. Prior to assessing punishment, the trial court heard from three punishment witnesses, including Appellant himself and Appellant's girlfriend and brother. *See id.* Furthermore, the trial court did not make any statements indicating a failure to consider the full range of punishment. *See id.* Appellant had no objection when the trial court asked if there was any reason at law why the sentence should not be formally pronounced.[3]

A review of the record indicates that the trial court held an extensive hearing, contemplated a myriad of factors, and considered and rejected Appellant's request for community supervision. *See id.* The trial court's comments simply do not reflect bias, partiality, or a failure to consider the full range of punishment. *See id.* Because the record does not indicate that the trial court arbitrarily refused to consider the entire range of punishment, we overrule Appellant's second and third issues. *See McClenan*, 661 S.W.2d at 110.

---

[3] Trial Court: Is there any reason at law why sentence should not be formally pronounced?
Defense Counsel: Judge, I think you said Counts I and II, and I thought --
Trial Court: All right. It should be Counts I and III….
Defense Counsel: No. Other than that, no.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 14, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 14, 2018**

**NO. 12-17-00058-CR**

**ANTIONNE LEDELLE SKINNER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 124th District Court

of Gregg County, Texas (Tr.Ct.No. 45,575-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*