# NO. 12-20-00268-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALBINO A. NUNEZ,* *APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Albino A. Nunez appeals his convictions for retaliation and harassment by a person in a correctional facility. In two issues, Appellant argues that the evidence is legally and factually insufficient to support a finding of guilt, and that his trial counsel rendered ineffective assistance. We affirm.

## BACKGROUND

Appellant was charged by indictment with retaliation by intentionally and knowingly threatening to harm a person, by an unlawful act, namely threatening to kill that person, in retaliation for, or on account of, the service of that person as a public servant, namely a sheriff's deputy, a third degree felony.[1] Further, Appellant was charged with harassment by a person in a correction facility by, with the intent to assault, harass, or alarm, causing a person the Appellant knew to be a public servant, namely a peace officer, to contact the saliva of the Appellant, and the person was then and there lawfully discharging an official duty, namely transporting Appellant, a third degree felony.[2] The State filed notice to use Appellant's prior conviction of second degree felony burglary for enhancement purposes.

---

[1] *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(A), (c) (West 2016).

[2] *See id.* § 22.11 (a)(3), (b) (West 2019).

On January 10, 2019, Appellant's counsel filed a notice of intent to raise the insanity defense. Later, counsel filed a motion for examination regarding insanity, requesting that Appellant be examined by a psychiatrist, James Buckingham, M.D., and the trial court ordered such psychiatric examination on the issue of insanity. In Buckingham's opinion, he could not say that Appellant was insane at the time of the incident. On April 17, Appellant made an "open" plea of guilty to the charges of retaliation and harassment by person in a correctional facility. Appellant and his counsel signed various documents regarding his "guilty" pleas including a waiver, stipulation and judicial confession, admonitions to defendant, and an agreed punishment recommendation in which Appellant judicially confessed to the offenses alleged in the indictment, admitted that he committed each and every element alleged, and admitted that he was guilty as charged.

Also on April 17, Appellant made an "open" plea of "guilty" to the charges of retaliation and harassment by person in a correctional facility. He also pleaded "true" to the felony enhancement conviction. The trial court found that Appellant was competent to stand trial, that the evidence was sufficient to sustain a conviction, and that Appellant entered his pleas freely, knowingly, and voluntarily. The trial court accepted Appellant's plea of "true" to the enhancement. However, the trial court stated that it would "hold off" on finding Appellant guilty.

Appellant subsequently failed to appear for his sentencing hearing. After he was arrested, and upon motion by his counsel, the trial court ordered that Appellant be evaluated for competency to stand trial. On February 19, 2020, the trial court found that Appellant was incompetent to stand trial and ordered that Appellant be committed and confined to a state hospital for a period not to exceed 120 days. At the end of July 2020, Appellant was deemed competent to stand trial. During a punishment hearing, the trial court took judicial notice of Buckingham's psychiatric evaluation regarding insanity that was filed with the court. The trial court found the felony enhancement conviction to be "true," and found Appellant "guilty" of retaliation and harassment by person in a correctional facility. The trial court assessed Appellant's punishment at nineteen years of imprisonment for each offense to run concurrently. This appeal followed.

In his first issue, Appellant argues that the evidence is legally and factually insufficient to support a finding of guilt.

## Standard of Review and Applicable Law

The standard of review announced in *Jackson v. Virginia* is not applicable when the defendant enters a plea of guilty or nolo contendere. *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd). Once a defendant enters a valid guilty plea, the state is no longer constitutionally required to prove his guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Article 1.15 of the code of criminal procedure requires the state to introduce evidence showing the guilt of the defendant. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). Such evidence "shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." *Id.*

To substantiate a guilty plea, there must be evidence "in addition to, and independent of, the plea itself to establish the defendant's guilt." *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). A stipulation of evidence or judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea so long as it establishes every element of the offense charged. *See id*. at 13. A "catch-all" stipulation may constitute a judicial confession and alone will support a conviction. *See Adam v. State*, 490 S.W.2d 189, 190 (Tex. Crim. App. 1973) (stipulation that "all the acts and allegations in said indictment (count no. one (1) of said Indictment) charging the offense of Sale of a Narcotic Drug, to-wit: Heroin are true and correct" was sufficient). A written confession approved by the trial court can substantiate a guilty plea even if not introduced into evidence. *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Rexford v. State*, 818 S.W.2d 494, 495–96 (Tex. App.—Houston [1st Dist.] 1991, pet. ref 'd)).

## Judicial Confession

Appellant signed a written confession in his retaliation charge stating that

> I do admit and judicially confess that I knowingly, intentionally, and unlawfully committed the acts alleged in the indictment, at the time, in the place, and in the manner alleged. I am in fact GUILTY of the offense of RETALIATION. I enter my plea of GUILTY to said offense. My plea of GUILTY is voluntary, and is not influenced by any consideration of fear or any persuasion or any delusive hope of pardon.

Appellant made an identical judicial confession in his harassment by person in a correctional facility charge. The confessions were signed as approved by the trial court. Additionally, the trial court approved Appellant's waivers and "consents" at the plea hearing. We conclude that the judicial confessions alone are sufficient to substantiate Appellant's "guilty" pleas. *See Adam*, 490 S.W.2d at 190; *Rexford*, 818 S.W.2d at 495–96.

## Insanity Defense

However, Appellant contends that the trial court ruled against the "great weight and preponderance" of the evidence in finding that he was not insane at the time of the incident. Pursuant to Section 8.01 of the Texas Penal Code, it is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong. *See* TEX. PENAL CODE ANN. § 8.01(a) (West 2021). A defendant is presumed sane and that he intends the natural consequences of his acts. *Ruffin v. State*, 270 S.W.3d 586, 591 (Tex. Crim. App. 2008). The insanity defense focuses on whether the accused understood the nature of his action and whether he knew he should not do it. *Id.* at 592. The defendant must prove insanity by a preponderance of the evidence. *See* TEX. PENAL CODE ANN. §§ 2.04(d) (West 2021), 8.01.

The trial court took judicial notice of Dr. Buckingham's psychiatric evaluation regarding insanity. Buckingham stated that a diagnosis of substance induced psychotic disorder for Appellant was "most likely." According to Buckingham, Appellant admitted that at the time of the incident, he had some marijuana in his system and was in "some kind" of withdrawal from methamphetamine. Buckingham stated that it was difficult to "state that [Appellant's] erratic, irrational behavior at the time of the alleged offense was based on a mental disease or defect unrelated to his substance abuse withdrawal from [methamphetamine] and recent use of marijuana." As a result, he stated that he could not say that Appellant was insane at the time of the incident due to the role substance abuse likely had in his conduct.

Further, Appellant's testimony does not support a reasonable inference that he did not know that his conduct was wrong at the time of the incident. *See Cloninger v. State*, No. 05-15-01234-CR, 2017 WL 908788, at *4 (Tex. App.—Dallas Mar. 8, 2017, pet. ref'd) (mem. op., not designated for publication). Appellant testified he watched the incident during the punishment hearing, felt "pretty bad" about his conduct, and told Buckingham that he was embarrassed by his behavior. Before the incident, Appellant stated that he was on a "comedown" from using

methamphetamine about four days prior and believed that the government was communicating with him through his cellular telephone and television. Then he began knocking on doors to sell asphalt and a man called him a "gypsy," hurting his feelings. At that point, he decided to kill himself and drove his vehicle into a ditch. Although Appellant stated he had been diagnosed with several mental health issues including borderline personality disorder, psychosis, bipolar disorder, and substance abuse, he did not testify or produce any evidence that he did not know his conduct was wrong at the time of the incident. *See Plough v. State*, 725 S.W.2d 494, 500 (Tex. App.—Corpus Christi 1987, no pet.). Nor did he testify that he was suffering from a severe mental disease or defect at the time of the incident.

The factfinder is the sole judge of the weight and credibility of the evidence and is free to draw any reasonable inference from the evidence. *See Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). The factfinder has the duty to resolve conflicts in the testimony. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We presume the factfinder resolved any conflicts in favor of its decision and defer to the determination. *Id.* Although these principles apply to the sufficiency standard under *Jackson v. Virginia*, they clearly support the trial court's resolution of the evidence under the standard applicable in this case. *See Cloninger*, 2017 WL 908788, at *4. The trial court as trier of fact in this plea proceeding was free to accept or reject the evidence regarding Appellant's insanity defense and, based on his words and conduct, could reasonably reject any inference that Appellant did not know his conduct was wrong. *See id*. Accordingly, Appellant did not prove the affirmative defense of insanity by a preponderance of the evidence. We overrule Appellant's first issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Appellant argues that his counsel rendered ineffective assistance of counsel.

### Standard of Review and Applicable Law

In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme Court's two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To prevail on an ineffective assistance of counsel claim, an appellant must show that (1) trial counsel's representation was deficient, and (2) the deficient performance prejudiced the

5

defense to the extent that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. ***Strickland***, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068. An appellant must prove both prongs of ***Strickland*** by a preponderance of the evidence. ***Tong v. State***, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an appellant's ineffectiveness claim. ***Thompson v. State***, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficient performance, an appellant must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See **Strickland***, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. "This requires showing that [trial] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." ***Id.***, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. ***Id.***, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. ***Id.***

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See **Jackson v. State***, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See **id.*** It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. ***Strickland***, 466 U.S. at 689, 104 S. Ct. at 2065; ***Tong***, 25 S.W.3d at 712. Moreover, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." ***Thompson***, 9 S.W.3d at 813. When, as here, no record specifically focusing on trial counsel's conduct was developed at a hearing on a motion for new trial, it is extremely difficult to show that counsel's performance was deficient. *See **Bone v. State***, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); ***Thompson***, 9 S.W.3d at 814. Absent an opportunity for trial counsel to explain the conduct in question, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." ***Goodspeed v. State***, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citation omitted).

**Analysis**

On appeal, Appellant alleges that his attorney's performance at trial fell below the professional norm because he failed to (1) properly review and challenge Appellant's psychiatric evaluation regarding insanity prior to the plea hearing; (2) request the assistance of a psychiatrist to develop issues relevant to the defense; (3) adequately view discovery; and (4) acquire relevant medical and psychiatric records during his investigation. Appellant has the burden to present a sufficient record of reversible error. *See* TEX. R. APP. P. 34.6; *see also **Thompson***, 9 S.W.3d at 814. The record is silent as to why trial counsel may have failed to challenge the psychiatric evaluation, to request the assistance of a psychiatrist, adequately review discovery, or acquire medical and psychiatric records. *See **Mata v. State***, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). Nor does the record explain the reason why, or if, trial counsel failed to properly review the psychiatric evaluation. *See id.* After reviewing the record, we conclude that Appellant has not shown trial counsel's actions to be so outrageous that no reasonable competent trial attorney would have done likewise. *See id.* at 433.

Accordingly, under the circumstances of this case, we conclude that Appellant failed to rebut the presumption that trial counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *See **Strickland***, 466 U.S. at 687, 104 S. Ct. at 2064; *see also **Tong***, 25 S.W.3d at 712; ***Thompson***, 9 S.W.3d at 813; ***Perez v. State***, 56 S.W.3d 727, 731-32 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Since the first prong of the ***Strickland*** standard has clearly not been met, we need not address the second prong. We overrule Appellant's second issue.

**DISPOSITION**

Having overruled Appellant's first and second issues, we ***affirm*** the judgment of the trial court.

GREG NEELEY
Justice

Opinion delivered January 19, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 19, 2022**

**NO. 12-20-00268-CR**

**ALBINO A. NUNEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1823682)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*